UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERTICAL BRIDGE DEVELOPMENT, LLC,<br><br>                              Plaintiff,<br><br>vs.<br><br>CALEXICO CITY COUNCIL, et al.,<br><br>                              Defendants. | Case No.:  21-cv-2097-L-AHG<br><br>**ORDER ON MOTION TO DISMISS (ECF NO. 13)** |

Pending before the Court is Defendants Calexico City Council and City of Calexico's ("Defendants") motion to dismiss. Plaintiff opposed, and Defendants replied. The Court decides the matter on the papers submitted and without oral argument. Civ. L. R. 7.1. For the reasons stated below, the Court **GRANTS** the motion.

I.    **BACKGROUND**

Plaintiff Vertical Bridge Development, LLC places, constructs, modifies, operates, and manages telecommunication infrastructure, including cell towers for cellular service providers. (ECF No. 10, First Amended Complaint ("FAC") at ¶¶ 13-14).

Plaintiff was hired to locate, construct, and manage a cell tower in Calexico, California. (*Id*. at ¶ 34). Plaintiff located an area zoned for residential condominium use ("Property"). (*Id*. at ¶ 38).

On February 22, 2021, Plaintiff submitted its application for a conditional use permit and request for a height variance to construct a cell tower on the Property ("Application"). (*Id*. at ¶ 40).

On April 21, 2021, the Planning Division of the Development Services Department of the City notified Plaintiff that the proposed cell tower is a "public utility facility," which is not permitted as a conditional use in residential zones. (*Id*. at ¶¶ 42-43). Plaintiff had to request a similar use determination to have the proposed cell tower classified as a "public facility." (*Id*. at ¶ 44). Plaintiff also required two variances, a height variance and rear setback variance. (*Id*. at ¶ 45).

On May 19, 2021, Plaintiff supplemented its Application to include the setback variance request. (*Id*. at ¶ 46). On June 20, 2021, Plaintiff submitted its request for a similar use determination ("SUD") to the City's Planning Director. (*Id*. at ¶ 47).

On July 26, 2021, the Planning Commission addressed Plaintiff's SUD at a noticed public hearing. (*Id*. at ¶ 53). The Commission voted unanimously to deny the SUD. (*Id*. at ¶ 54). After that, the Commission forwarded its recommendation to the City for a determination. (*Id*. at ¶ 55).

On August 18, 2021, the City Council held a public hearing where it considered the recommendation. (*Id*. at ¶ 57). The Council denied the SUD (*i.e.*, adopted the Commission's recommendation). (*Id*. at ¶ 58). The Council's decision was final. (*Id*. at ¶ 59).

Subsequently, Plaintiff made several requests for a hearing before the Planning Commission on its Application. (*Id*. at ¶¶ 65-76).

On October 25, 2021, the Commission held a hearing on the Application. (*Id*. at ¶ 77). Although it provided public notice, Plaintiff did not receive individual

notice about the hearing. (*Id*. at ¶¶ 78 and 83). The Commission denied the Application. (*Id*. at ¶ 84).

Plaintiff thereafter initiated this action, asserting Defendants failed to comply with state and federal law on the development of cell towers.

## II. LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotation marks and citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The Court must accept as true all factual allegations in the complaint and draw reasonable inferences from those allegations in the light most favorable to the plaintiff. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

## III. DISCUSSION

Plaintiff asserts five claims against Defendants: (1) declaratory relief under California law, (2) 47 U.S.C. § 332 (failure to provide written decision), (3) 47 U.S.C. § 332 (failure to act within a reasonable time), (4) 47 U.S.C. § 332 (lack of substantial evidence), and (5) declaratory relief under federal law. The Court will start with the federal claims.

### A. 47 U.S.C. § 332 (Failure to Provide Written Decision) and 47 U.S.C. § 332 (Failure to Act Within a Reasonable Time)

Plaintiff asserts Defendants failed to act within a reasonable time or provide a written decision on the Application. (FAC at ¶¶ 117 and 131).[1] Under 47 U.S.C.

---

[1] The Court construes the second and third claims as based on Plaintiff's Application (conditional use permit and request for variances). (FAC at ¶¶ 40, 47, 117, and 131). The City took final action on the SUD and provided its decision in writing. Plaintiff asserts a separate

§ 332(c), a "local government . . . shall act on any request for authorization to place, construct, or modify personal wireless service facilities within a reasonable period of time . . . [and] any decision by a local government . . . shall be in writing."

Defendants argue the Court should dismiss these claims because Plaintiff failed to exhaust its administrative remedies. Specifically, Plaintiff never appealed the Planning Commission's decision on the Application to the City Council.

Plaintiff had the opportunity to address its alleged injuries through the City's appellate procedure. Plaintiff does not dispute that it was required to exhaust any available administrative remedies. (FAC at ¶ 63); (Opposition at p. 20) ("Vertical Bridge was required to continue through the administrative process before filing suit under the TCA.") Instead, Plaintiff argues the Planning Commission's decision is void under California Government Code section 65010, because the Commission failed to notice them individually. But Plaintiff does not assert any claim under that section. Moreover, the FAC contains no allegations about voiding the hearing or references to section 65010.[2] Because the allegations show the administrative process was not exhausted, the Court dismisses the second and third claim. *McKart v. United States*, 395 U.S. 185, 193 (1969) ("no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy had been exhausted.") (internal quotation marks and citation omitted).[3]

**B. 47 U.S.C. § 332 (Lack of Substantial Evidence)**

Plaintiff asserts the decision on the SUD lacked substantial evidence. Under 47 U.S.C. § 332(c), "any decision by a . . . local government . . . to deny to place,

---

claim related to the SUD, arguing the City's decision lacked substantial evidence.
[2] Plaintiff allegedly first learned about the Planning Commission's hearing after Defendants filed their initial motion to dismiss. (Opposition at p. 2). In response to that motion, Plaintiff filed the FAC.
[3] Plaintiff also contends it will assert a due process claim against Defendants if given leave to amend. (Opposition at p. 3) ("in the event this Court decides that the October 25th hearing is not void, Vertical Bridge seeks leave to amend its First Amended Complaint to allege Defendants' failure to provide notice to Vertical Bridge . . . constitutes a due proceed violation.")

construct, or modify personal wireless service facilities shall be . . . supported by substantial evidence contained in a written record."

Defendants argue the fourth claim is time barred. "Any person adversely affected by any final action . . . may, within 30 days after such action . . . commence an action in any court of competent jurisdiction." *Id*. The City Council voted to deny the SUD on August 18, 2021. (FAC at ¶ 58). The Council approved the minutes of the August hearing on September 15, 2021. That decision was final. (*Id*. at ¶ 59). However, Plaintiff did not initiate this action until December 17, 2021, over 30 days after the final action. (ECF No. 1).

Plaintiff argues it could not file an action on the SUD until Defendants decided the Application. But, as noted above, the City Council's determination on the SUD was final. 47 U.S.C. §332 ("any person adversely affected by any final action . . . may, within 30 days after such action . . . commence an action in any court of competent jurisdiction.") Plaintiff's factual allegations also tend to show the SUD and Application were distinct. (FAC at ¶ 48) ("the request for a similar use determination was essentially separate from [the] Application" . . . either the SUD or Application "could lead to an approval of the cell tower."); (*see also id*. at ¶¶ 40, 46, and 47). And Plaintiff alleges Defendants never acted on the Application, whereas Defendants took a final action, without substantial evidence, on the SUD.

However, even if the matter was not final (*i.e.*, the SUD was part of the Application), the claim would still fail. Again, Plaintiff did not complete the administrative process as to the Application, and therefore, failed to exhaust its administrative remedies. For all these reasons, the Court dismisses the fourth claim.

Plaintiff's claim for declaratory relief under federal law is based on the above alleged violations. (FAC ¶¶ 153-157). The Court therefore dismisses that claim.

The Court declines to exercise supplemental jurisdiction over the state law claim. 28 U.S.C. 1367(c)(3); (FAC ¶ 9).

Plaintiff may cure the above deficiencies. Therefore, the Court **GRANTS** them **LEAVE TO AMEND**. Fed. R. Civ. P. 15; *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

## IV.    CONCLUSION

For the reasons stated above, the Court **GRANTS** the motion to dismiss. Plaintiff's First Amended Complaint is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff has until **August 24, 2022**, to file an amended complaint (if any).

**IT IS SO ORDERED**.

Dated:  August 3, 2022

_____
Hon. M. James Lorenz
United States District Judge