UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERTICAL BRIDGE DEVELOPMENT, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CALEXICO CITY COUNCIL, CITY OF CALEXICO, and DOES 1–5,<br><br>　　　　　　　　　　Defendants. | Case No.: 21-cv-2097-L-AHG<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>**[ECF No. 27]** |

Pending before the Court is Calexico City Council and City of Calexico's (collectively, "Defendants") motion to dismiss Vertical Bridge Development, LLC's ("Plaintiff") second amended complaint. (ECF No. 27.) Plaintiff opposed, (ECF No. 29), and Defendants replied, (ECF No. 32). For the reasons stated below, the Court **GRANTS** the motion **WITHOUT LEAVE TO AMEND**.

**I.　　BACKGROUND**

According to the allegations in the second amended complaint, Plaintiff places, constructs, modifies, operates, and manages telecommunication infrastructure, including cell towers for cellular service providers. (ECF No. 24, at 4.) Plaintiff was hired to locate, construct, and manage a cell tower in Calexico, California. (*Id*. at 8.) Plaintiff located an area zoned for residential condominium use ("Property"). (*Id.*)

1    On February 22, 2021, Plaintiff submitted its application for a conditional use
2 permit and request for a height variance to construct a cell tower on the Property
3 ("Application").  (*Id.* at 9.)
4    On April 21, 2021, the Planning Division of the Development Services Department
5 of the City sent a notice ("Notice") advising Plaintiff that the proposed cell tower is a
6 "public utility facility," which is not permitted as a conditional use in residential zones.
7 (*Id.*)  The Notice informed Plaintiff that it had to request a similar use determination to
8 have the proposed cell tower classified as a "public facility."  (*Id.*)  Plaintiff also required
9 two variances, a height variance and rear setback variance.  (*Id.*)
10   On May 19, 2021, Plaintiff supplemented its Application to include the setback
11 variance request.  (*Id.*)  On June 20, 2021, Plaintiff submitted its request for a similar use
12 determination ("SUD") to the City's Planning Director.  (*Id.* at 10.)
13   On July 26, 2021, the Planning Commission addressed Plaintiff's SUD at a noticed
14 public hearing.  (*Id.* at 10–11.)  The Commission voted unanimously to deny the SUD.
15 (*Id.* at 11.)  After that, the Commission forwarded its recommendation to the City for a
16 determination.  (*Id.*)
17   On August 18, 2021, the City Council held a public hearing where it considered
18 the recommendation.  (*Id.*)  The Council denied the SUD (*i.e.*, adopted the Commission's
19 recommendation).  (*Id.*)
20   Subsequently, Plaintiff made several requests for a hearing before the Planning
21 Commission on its Application.  (*Id.* at 12–13.)
22   On October 25, 2021, the Commission held a hearing on the Application ("October
23 25 Hearing"). (*Id.* at 13.)  Although it provided public notice, Plaintiff did not receive
24 individual notice about the hearing.  (*Id.* 12–14.)  The Commission denied the
25 Application.  (*Id.* at 13.)
26   Plaintiff thereafter initiated this action, asserting Defendants failed to comply with
27 state and federal law on the development of cell towers.
28 **II.    LEGAL STANDARD**

A 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain, in part, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

In reviewing a 12(b)(6) motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, a court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). When "matters outside the pleading are presented to and not excluded by the court," the 12(b)(6) motion converts into a motion for summary judgment. Fed. R. Civ. P. 12(d). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Accordingly, the Court only considers the pleadings and documents attached thereto.

### III. DISCUSSION

#### A. Counts 1 and 2

In Count 1, Plaintiff requests *inter alia* an order declaring that the October 25 Hearing, and therefore the overall decision, is void because Plaintiff did not receive

actual notice. (ECF No. 24, at 18.) The decision shall be declared void if (1) "the court finds that the error was prejudicial," (2) "the party complaining or appealing suffered substantial injury from that error," and (3) "a different result would have been probable if the error had not occurred." Cal. Gov't Code § 65010(b). "There shall be no presumption that error is prejudicial or that injury was done if the error is shown." *Id.* Plaintiff bears the burden of establishing each element. *Tran v. County of Los Angeles*, 289 Cal. Rptr. 3d 202, 215 (2022).

Taking all factual allegations in the amended complaint as true, the Court finds that Plaintiff cannot show that they were prejudiced by Defendants' failure to provide actual notice of the October 25 Hearing. The Notice that Plaintiff received provided that the construction of a cell tower at the proposed location would not be approved absent a SUD or change in zone boundaries. Thus, the denial of Plaintiff's SUD application eliminated the possibility that the construction of the cell tower would be approved at the October 25 Hearing. Plaintiff has not shown that receiving actual notice would have changed the outcome. Moreover, Plaintiff's claim that they were prejudiced because they did not have an opportunity to appeal the Planning Commission's decision is unavailing. (ECF No. 24, at 17.) Plaintiff's awareness of the October 25 Hearing had no bearing on their ability to seek judicial relief. Even if Plaintiff believed an appeal would be met with exhaustion or timeliness challenges they were not systematically excluded from seeking relief regardless of the merits. As such, Plaintiff has not shown that they were prejudiced and the Court declines to hold that the decision is invalid. Defendants' motion to dismiss is granted as to Count 1.

Plaintiff asserts in Count 2 that Defendants should be estopped from using the October 25 Hearing against it, such as by making exhaustion arguments, because Plaintiff detrimentally relied on Defendants' statement that they would notify Plaintiff of the Planning Commission's hearing. (ECF No. 24, at 19–22.) Plaintiff also argues that under the principles of equitable estoppel, the October 25 Hearing should be deemed void. (*Id.* at 20–21.) Plaintiff has failed to provide grounds to invalidate the October 25

Hearing under principles of equitable estoppel.  Furthermore, Plaintiff's request to estop Defendants from making exhaustion arguments rests on the assumption that the Court invalidates the decision based on the failure to notify.  This not being the case, Plaintiff's second claim fails and Defendants' motion to dismiss is granted as to Claim 2.

### B. Counts 3, 4, and 11

Plaintiff asserts in Counts 3, 4, and 11 that Defendants' failure to notify Plaintiff of the October 25 Hearing violated the due process clauses of the California Constitution and the United States Constitution.  (ECF No. 24, at 22–25, 39–41.)  "The language of Article I § 7 of the California Constitution is 'virtually identical' to the Due Process Clause of the United States Constitution, with the caveat that California courts place a higher significance on the dignitary interest inherent in providing proper procedure." *Nozzi v. Hous. Auth. of City of Los Angeles*, 806 F.3d 1178, 1190 n.5 (9th Cir. 2015) (quoting *Today's Fresh Start, Inc. v. Los Angeles Cnty. Office of Education*, 303 P.3d 1140, 1149 (Cal. 2013)).  The Court addresses Plaintiff's due process claims together because it is unnecessary to consider the additional factor here.

Procedural due process "require[s] reasonable notice and opportunity to be heard before governmental deprivation of a significant property interest." *Horn v. County of Ventura*, 596 P.2d 1134, 1137 (Cal. 1979).  These requirements "are triggered only by governmental action which results in 'significant' or 'substantial' deprivations of property." *Id.* at 1139.  As discussed above, the SUD denial foreclosed the possibility that the October 25 Hearing would result in the approval of Plaintiff's application.  Therefore, the October 25 Hearing could not have resulted in a deprivation of Plaintiff's property.  Defendants' motion to dismiss is granted as to Counts 3 and 4.

### C. Counts 5–8

In Counts 5 through 8 Plaintiff asserts claims for failure to issue a written decision and failure to act within a reasonable time and requests a declaration under state and federal law that its Application is deemed approved due to Defendants' failure to act within a reasonable time.  (ECF No. 24, at 25–30.)

In its previous order granting Defendants' motion to dismiss the first amended complaint, the Court dismissed Plaintiff's claims for failure to provide a written decision and failure to act within a reasonable time because Plaintiff did not exhaust the administrative process. (ECF No. 21, at 3–4.) Plaintiff now asserts in the second amended complaint that it has exhausted all of its available administrative remedies because the October 25 Hearing is void. (ECF No. 24, at 27, 28, 31, 33.) Having determined that the October 25 Hearing does not void the decision, the Court finds that Plaintiff's claims suffer from the same exhaustion defect as its previous claims and grants Defendants' motion to dismiss as to claims 5 through 8.

### D. Counts 9 and 10

Plaintiff also brings claims for failure to provide a written decision and act within a reasonable time with respect to only the SUD decision. (*Id.* at 34–39.) The Court previously determined that the SUD decision was a "final action" and held that Plaintiff's claim challenging the SUD decision was time-barred by statute. (ECF No. 21, at 5.) Plaintiff has not provided grounds to cure this legal insufficiency as to the present claims challenging the SUD decision. Accordingly, the Court grants Defendants' motion to dismiss as to Counts 9 and 10.

### E. Count 12

In Count 12 Plaintiff demands attorneys' fees and costs pursuant to section 1021.5 of the California Civil Procedure Code. (ECF No. 24, at 41–43.) California law allows a court "[u]pon motion" to "award attorneys' fees to a successful party." Cal. Civ. Proc. Code § 1021.5. Plaintiff's claim for attorneys' fees is not before the Court upon motion, and Plaintiff is not a successful party. Thus, the Court grants Defendants' motion to dismiss as to Count 12.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss the second amended complaint is **GRANTED**. Additionally, the Court finds that further amendment would be futile, so Plaintiff's claims are dismissed **WITHOUT LEAVE TO AMEND**. *See*

1  *Lund v. Cowan*, 5 F.4th 964, 973 (9th Cir. 2021) ("Dismissal without leave to amend is
2  proper if it is clear that the complaint could not be saved by amendment.").
3  **IT IS SO ORDERED.**
4  Dated: February 13, 2023

_____
Hon. M. James Lorenz
United States District Judge